IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TROY WHITE                              *

   Plaintiff                         *

        v                              *    Civil Action No. DKC-14-879

CORIZON, INC. and                       *
WEXFORD HEALTH SERVICES, INC.[1]
                                 *

   Defendants
                                 ***

## MEMORANDUM OPINION

The above-captioned civil rights Complaint was filed on March 21, 2014, together with motions to Proceed in Forma Pauperis and for Appointment of Counsel. ECF Nos. 2 and 3. Plaintiff filed a supplemental Complaint on May 2, 2014, with additional motions to Proceed in Forma Pauperis and for Appointment of Counsel. ECF Nos. 4 – 6. The supplemental Complaint raises the same claims raised in the original pleading. ECF No. 4. Plaintiff's motions to Proceed in Forma Paupers shall be granted and his motions for Appointment of Counsel shall be denied. For the reasons that follow, the Complaint must be dismissed.

The thirty-six page Complaint[2] concerns three unrelated claims. The first concerns an allegation that Plaintiff, an inmate incarcerated at North Branch Correctional Institution (NBCI), slipped and fell in a shower injuring his right arm, right hip, back and neck, because there was soap on the floor and the prison had not provided floor mats to prevent falls. ECF No. 1 at p. 3. The incident occurred on February 27, 2010. Plaintiff states he filed a lawsuit on March 9, 2011, concerning this matter in the District Court for Baltimore City, which was later transferred

---

[1] The Clerk is directed to correct the spelling of the name of this Defendant.

[2] The supplemental Complaint is forty pages long, but does not differ in content from the original Complaint. ECF No. 4.

to the District Court for Allegany County, where it was dismissed on October 7, 2011.  ECF No. 1 at p. 8.

The second claim concerns Plaintiff's allegation that on April 27, 2011, he was improperly assigned to an upper bunk in a cell designed for one person.  ECF No. 1 at p. 9. Plaintiff asserts that he has "documented back injuries" and that he lacks the physical condition required to jump up and down off the top bunk without being "at high risk for injury."  *Id*. Despite communicating these issues to correctional officers, Plaintiff's assignment was not changed.  *Id*. at p. 10.  Plaintiff states he fell from the bunk on April 29, 2011, injuring his hip and arm, but that he was not provided medical care for the injuries for nine days.[3]  *Id*.  He states that on September 7, 2011, he filed a lawsuit concerning this claim in the District Court for Baltimore City where it was dismissed on October 18, 2012.[4]  *Id*. at p. 15.

The third claim is a generalized allegation that Plaintiff has not received proper medical care "over the past several years" and that he has been denied adequate access to the prison grievance procedure.  ECF No. 1 at p. 17.  Specifically, Plaintiff claims that on July 12, 2011, Physician's Assistant Greg Flury refused to see Plaintiff about "certain medications and his back brace."  *Id*.  He alleges Flury told him he would be scheduled to be seen by someone else and that, in the meantime, Flury cancelled his prescriptions for fragrance-free lotion[5] and muscle rub. *Id*.  He states that he had to wait 17 days before the prescriptions were reinstated by Dr. Colin Ottey and that he suffered physical and mental pain as a result of being deprived of his medications.  *Id*. at p. 18.  Plaintiff further claims that he has not received adequate diagnoses or

---

[3]  Plaintiff does not provide a description of the injuries he suffered, nor does he state the nature of the medical care he was provided.

[4]  The docket entries for the case referenced by Plaintiff indicate the Complaint was dismissed for lack of jurisdiction under Maryland Rule 3-507.  *See* http://casesearch.courts.state.md.us/inquiry/ at *White v. Correctional Medical Services, Inc.*, Balt. City Dist. Court Case No. 010100236232011.

[5]  Plaintiff claims he is allergic to the lotion sold in the prison commissary.  ECF No. 1 at p. 17.

medical care for his back pain, kidney issues, acid reflux, sleep apnea, nerve damage in his left hand, and frequent skin rashes "over the past several years." *Id*. at p. 19.  He provides several examples of delays in receiving medical care, but does not state how those delays have caused him harm.[6]

### Standard of Review

Under the provisions of 28 U.S.C. § 1915(e)(2) a case "shall be dismissed at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i)is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Additionally, under 28 U.S.C. §1915A, this court must screen prisoner complaints and dismiss any complaint that is frivolous, malicious or fails to state a claim upon which relief may be granted.  In deciding whether a complaint is frivolous "[t]he district court need not look beyond the complaint's allegations . . . .   It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally."  *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).

Liberal construction of self-represented pleadings does not, however, oblige this court to ferret through a Complaint searching for viable claims.  Under Fed. R. Civ. Proc. 8,[7] Plaintiff must provide enough detail to illuminate the nature of the claim and allow Defendants to respond.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Although district courts have a duty to construe self-represented pleadings liberally, Plaintiff must nevertheless allege facts that state

---

[6] The only objectively serious medical condition alleged in the Complaint is Plaintiff's assertion he has kidney failure.  He does, however, state that he has been sent to see a "kidney doctor" for consultation on his condition.  ECF No. 1 at p. 21.

[7] Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8(e)(1) requires that each averment of a pleading be "simple, concise, and direct."

a cause of action. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (duty to construe liberally does not require courts to conjure up questions never squarely presented). If the Complaint "places an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate on what their defenses might be" and imposes a burden on the court to sort out the factual basis of any claims fairly raised, dismissal under Rule 8 is appropriate. *Holsey v. Collins*, 90 F.R.D. 122 (D.Md.1981); *see also Spencer v. Hedges,* 838 F.2d 1210 (Table) (4th Cir. 1988). This court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

## Analysis

"Section 1983 provides a federal cause of action, but in several respects relevant here federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: It is that which the State provides for personal-injury torts." *Wallace v. Kato,* 549 U.S. 384, 387 (2007), citing *Owens v. Okure,* 488 U.S. 235, 249-250, (1989); *Wilson v. Garcia,* 471 U.S. 261, 279-280, (1985). In Maryland the applicable statute of limitations is three years from the date of the occurrence. *See* Md. Cts & Jud. Proc. Code Ann.§ 5-101. "Statutes of limitations, like the one contained in [Md. Cts & Jud. Proc. Code Ann.] § 5-101, are intended simultaneously to 'provide adequate time for diligent plaintiffs to file suit,' to 'grant repose to defendants when plaintiffs have tarried for an unreasonable period of time,' and to 'serve societal purposes,' including judicial economy." *Doe v. Maskell*, 342 Md. 684, 689, 679 A. 2d 1087, 1089 (1996), quoting *Pennwalt Corp. v. Nasios*, 314 Md. 433, 437, 550 A.2d 1155,

4

1158 (1988). Plaintiff's first claim concerning a fall in the shower is time-barred and must be dismissed.[8]

Plaintiff's second claim concerning a fall from his bunk, fails to state a claim upon which relief may be granted. Conditions which "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment. *Rhodes v. Chapman*, 452 U. S. 337, 347 (1981). However, conditions which are merely restrictive or even harsh, "are part of the penalty that criminal offenders pay for their offenses against society." *Id.*

> In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements - that 'the deprivation of [a] basic human need was *objectively* sufficiently serious,' and that '*subjectively* the officials acted with a sufficiently culpable state of mind.'

*Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (emphasis in original; citation omitted). "These requirements spring from the text of the amendment itself; absent intentionality, a condition imposed on an inmate cannot properly be called "punishment," and absent severity, such punishment cannot be called "cruel and unusual." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008), citing *Wilson v. Seiter*, 501 U.S. 294, 298-300 (1991).

There are no allegations raised in the second claim from which one might glean circumstances amounting to the deprivation of a basic human need. Plaintiff's vague assertion that he suffered "injuries" which he does not specify or describe and for which he received treatment, is not sufficient to establish a colorable claim that he suffered a serious or significant physical or emotional injury. The objective prong of a conditions of confinement claim requires proof of an injury. *See Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993). "Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim

---

[8] Plaintiff's assertion that the claim is timely because it was filed within three years of his State District Court case being dismissed is erroneous. The statute of limitations runs from the date of the incident.

regarding conditions of confinement." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003). Demonstration of an extreme deprivation proscribed by the Eighth Amendment requires proof of a serious or significant physical or emotional injury resulting from the challenged conditions. *See Odom v. South Carolina Dept. of Corrections*, 349 F. 3d 765, 770 (4th Cir. 2003). This claim must be dismissed without prejudice, as it is insufficient to show entitlement to damages under 42 U.S.C. §1983.

The third claim also fails to state a claim upon which relief may be granted. Plaintiff's allegation that Flury refused to see him and that he was deprived of fragrance-free lotion and muscle rub for 17 days, does not state an Eighth Amendment claim of deliberate indifference to a serious medical need. In order to state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants, or their failure to act, amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Objectively, the medical condition at issue must be serious. *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care). A health care provider must have actual knowledge of a serious condition, not just knowledge of the symptoms. *See Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998). Mere negligence or malpractice does not rise to a constitutional level. *See Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975); *Donlan v. Smith*, 662 F. Supp. 352, 361 (D. Md. 1986). By the very nature of the "medications" allegedly denied to Plaintiff, it is clear the failure to provide it to him was not

6

evidence of reckless disregard of a serious condition that threatened Plaintiff's life or inflicted extreme pain absent treatment.

Likewise, Plaintiff's assertion that medical personnel have failed to diagnose his various medical conditions "over several years" is insufficient to state an Eighth Amendment claim and does not comply with the requirements of Fed. Rule of Civ. Proc. 8. Various incidents of delays without more, or disagreements with a course of treatment provided by medical staff does not establish a basis for an Eighth Amendment claim as there is no expectation that prisoner will receive unqualified access to medical care or medical care the prisoner deems necessary or desirable. Additionally, to require Defendants to respond to numerous allegations that the system of delivery for medical care failed is an onerous task not required by Rule 8. Defendants will not be called upon to comb through Plaintiff's entire medical record to identify and explain each decision concerning the care provided to Plaintiff. This is especially true in cases, such as the instant one, where the claims do not appear to approach the extreme deprivation and objectively serious medical conditions required to state a constitutional violation.

Plaintiff's assertion that he has been denied adequate access to the prison grievance process must also be dismissed. While the long standing rule has been that prisoners have no constitutional right to participate in an institutional grievance procedure, *see Adams v. Rice*, 40 F. 3d 72, 75 (4th Cir. 1994), with the passage of the Prison Litigation Reform Act  42 U.S.C. § 1997e(a) the issue is less clear.

The Act requires exhaustion of administrative remedies before an action concerning prison conditions may be filed by a prisoner. The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether

they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further clarification regarding exhaustion as a pleading requirement was announced by the Fourth Circuit in *Anderson v. XYZ Correctional Health Services, Inc.*, 407 F. 3d 674 (4th Cir. 2005).  The court held that, "an inmate's failure to exhaust his administrative remedies must be viewed as an affirmative defense that should be pleaded or otherwise properly raised by the defendant." *Id*. at 681.  To the extent that a prisoner's attempts to exhaust the administrative remedy process are thwarted by prison officials' misconduct, that evidence may be presented in response to the affirmative defense.  *Id*. at 682.  Thus, an inability to access the administrative remedy procedure based on an alleged refusal by prison officials to enforce the rules governing the process does not run afoul of the due process clause.  Plaintiff's claim regarding access to the administrative remedy procedure shall be dismissed.

      A separate Order follows.


  May 7, 2014                                                                    _____/s/_____
Date                                                                        DEBORAH K. CHASANOW
                                                                            United States District Judge